UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HAROLD STEVEN JACKSON-BEY,                Civil No. 11-1406 (JNE/JSM)

   Petitioner,

v.                                         **REPORT AND RECOMMENDATION**

SCOTT P. FISHER,

   Respondent.

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 4.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a federal prisoner, commenced this action by filing an application for a writ of habeas corpus. (Docket No. 1.) The Court reviewed that application shortly after it was filed, and determined that Plaintiff was challenging only the conditions of his confinement, (rather than the fact or duration of his confinement), and as a result Plaintiff's claims for relief were not properly reviewable in a habeas corpus action. See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy").  Therefore, the Court entered an order on June 3, 2011, (Docket No. 2), which directed that Plaintiff's habeas corpus petition be summarily

stricken. The order granted Plaintiff leave to present his claims for relief in a new pleading – namely, a non-habeas civil complaint. The Court's prior order also pointed out that Plaintiff had tendered only the $5.00 filing fee that is required for a habeas corpus action, and that he would have to pay an additional $345.00 to satisfy the $350.00 filing fee for a non-habeas civil action. Plaintiff was advised that if he could not afford to pay an additional $345.00 in a lump sum, he could file an application for IFP status, which (if granted) would allow him to pay the filing fee in installments. See 28 U.S.C. § 1915(b).

The Court's prior order expressly informed Plaintiff that if he applied for IFP status, he would "have to (a) properly complete the IFP application form prescribed for use in this District, (including the "Certificate" section), and (b) file that form <u>with the proper amount of the initial partial filing fee</u> required by 28 U.S.C. § 1915(b)(1)." (Order dated June 3, 2011, at p. 4, [emphasis in the original].) The order also expressly informed Plaintiff that he would have to satisfy <u>all</u> of the requirements set forth therein, including payment of the mandatory initial partial filing fee, by no later than July 1, 2011, and that if he failed to do so, the Court would recommend that this case be summarily dismissed pursuant to Fed. R. Civ. P. 41(b). (Id., pp. 4, 5.)

On June 21, 2011, Plaintiff filed a civil complaint, (Docket No. 3), and an IFP application, (Docket No. 4). However, Plaintiff did not tender his initial partial filing fee with his IFP application.[1] The deadline by which Plaintiff was required to pay his initial partial

---

[1] The "Certificate" section of Plaintiff's IFP application shows that the average monthly deposit to his prison trust account during the preceding six months was $230.87, and the average monthly balance during that same period was $80.08. Under the formula prescribed by § 1915(b)(1), Plaintiff's initial partial filing fee is 20% of the greater of those two amounts – i.e., 20% of $230.87 – which is $46.17.

filing fee has now expired, and he has not tendered any part of that fee, nor has he offered any excuse for his failure to do so.

Plaintiff was expressly informed that if he did not comply with all of the requirements of the prior order by July 1, 2011, the Court would recommend that this action be summarily dismissed. Because Plaintiff has not tendered his initial partial filing fee, as explicitly required by the prior order of June 3, 2011, the Court finds that he has failed to comply with all of the requirements of that order. Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 4), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 6, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 20, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.